EASTERN DIST.
*May*, 1839.

HEPBURN
*vs.*
LEE & HARDY ET
AL.

Foreign bills
returned with le-
gal protest, enti-
tle the holder to
twenty per cent.
damages, under
the statute.

---

HEPBURN *vs.* LEE & HARDY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where the plaintiff purchased certain cotton, and made advances on the
bill of lading; and the cotton was delivered to the defendants under
a previous contract with the seller, before the bill of lading came to
the possession of the plaintiff, he cannot recover from them.

The bill of lading could have no effect until its delivery; and at that
time the cotton being in possession of the defendants under a previous
contract, having no privity or connection with the one under the bill
of lading, they are in no way responsible.

This is an action to recover two thousand four hundred dollars, which the plaintiff alleges he advanced to captain George R. Wright, of the steam-boat Invincible, on a bill of lading for seventy-five bales of cotton, and which was delivered to the defendants, Lee & Hardy. He prays judgment for this sum against the defendants and captain Wright, with a privilege on the boat, for the non-delivery of the cotton.

The defendants pleaded a general denial. The evidence shows that captain Wright purchased seventy-five bales of cotton, on the river, below Vicksburg, of a Mr. Watson, and

had a bill of lading filled up on board the boat, signed by the clerk, in which he consigned this cotton to the plaintiff.

EASTERN DIST.
*May,* 1839.

HEPBURN
*vs.*
LEE & HARDY ET
AL.

On arriving at New-Orleans the cotton was rolled out, and taken into possession by the defendants, Lee & Hardy, by the order of captain Wright, and by them sold on his account, to meet certain acceptances, or drafts, they were under, and bound to pay for him. On the next day captain Wright went to the office of the plaintiff, and presented the bill of lading for the seventy-five bales, and received the sum of two thousand four hundred dollars thereon.

The district judge was of opinion that the defendants had the best right to the cotton; they not having any connection with the transaction between the plaintiff and captain Wright. Judgment was given for the defendants, and the plaintiff appealed.

*Strawbridge,* for the plaintiff, insisted that the bill of lading gave a preference and privilege over others, which was superior to every other title, and transferred the property. A bill of lading is an essential accompaniment and title to property, which gives him who makes advances on the same property, a preference over him who is without it. 1 *Peters,* 445. 2 *Kent's Commentaries,* 548. *Louisiana Code,* 3214.

2. The defendants made no advance on this specific property; had no bill of lading; but sold the cotton on captain Wright's account, and carried the proceeds to his credit in account. 1 *Louisiana Reports,* 360. 3 *ibid,* 302.

*Lockett,* for the defendants, contended, that it was shown by the evidence that they had accepted two drafts of Wright for three thousand dollars, upon his promise to ship cotton to meet them; and he came to defendant's store on the 24th November, and informed them the cotton was on the levee, and they received it. The plaintiff received his bill of lading and made his advances the 25th November, one day after actual delivery to the defendants of the property in contest.

*Eustis, J.,* delivered the opinion of the court.

EASTERN DIST. *May*, 1839.

HEPBURN *vs.* LEE & HARDY ET AL.

Lee & Hardy, commission merchants, accepted two drafts of George R. Wright, on the promise of Wright to ship to the defendants, cotton to meet the drafts. On the 24th of November last, seventy-five bales of cotton were delivered to the defendants by Wright, the proceeds of which were insufficient to meet the amount of the drafts.

Wright, who was the captain of a steam-boat, purchased from a person on board his boat, on his way down, seventy-five bales of cotton, and had a bill of lading signed for them by the clerk of the boat. The plaintiff was made the consignee by the bill of lading. On the 25th of November, the plaintiff advanced to Wright two thousand dollars, and on the 27th, four hundred dollars. These sums are charged in the petition to have been advanced by the plaintiff, on the bill of lading, and from the testimony we infer that the delivery of the bill of lading and the first advance were simultaneous, and made the day after the delivery of the cotton to the defendants. In a suit for the recovery of the cotton, brought by the plaintiff against the defendants, the court below gave judgment for the defendants.

The bill of lading could have no effect until its delivery; and at that time the cotton being delivered to the defendants under a previous contract, having no privity or connection with the one under the bill of lading, they are in no way responsible.

The bill of lading, by which, in point of fact, the captain bound himself to carry *his own goods*, and deliver them to the consignee, could have no effect until it was delivered to the plaintiff. At that time the cotton was delivered to the defendants, under a previous contract. The plaintiff has been defrauded, but we can give him no relief. The defendants have no connection or privity, direct or indirect, with the transaction between the plaintiff and Wright; and there is no ground on which we can render them responsible to the plaintiff. The judgment is, therefore, affirmed with costs.